NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Tyrone PHILLIPS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 09-2889

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court upon Petitioner Tyrone Phillips's Motion to Correct, Set Aside, or Vacate Sentence under 28 U.S.C. § 2255. The Court has considered the written submissions of the parties and determined that the record clearly establishes that a hearing is not warranted. For the reasons given below, the motion is denied.

## II. BACKGROUND

On November 1, 2007, Petitioner pled guilty to a one-count information alleging that he engaged in a conspiracy to possess and distribute 100 grams of heroin in Essex County in 2005. On June 25, 2008, the sentencing hearing took place. Petitioner raised two arguments at that time. First, he argued that he should not be considered a career offender. While the government and the presentencing report put Petitioner in category 6 for purposes of sentencing under the federal sentencing guidelines, Petitioner argued that a few of his state law crimes should be grouped together instead of counted individually because they were sentenced simultaneously. The Court rejected that argument, and Petitioner did not subsequently challenge that ruling.

1

With Petitioner in category 6, and with the agreed-upon offense level of 31, the guideline range for imprisonment was determined as 188 to 235 months.

Petitioner's second argument was not a guidelines-based argument, but rather an argument for why the Court should depart from the guidelines.  Petitioner argued that his federal sentence should be reduced in light of the fact that he spent over three years in Passaic County Jail, which is well-known for having very poor conditions.  It appears that Petitioner was attacked and stabbed 12 times during one episode at the jail.  The Court ultimately rejected this particular argument.  In the end, however, the Court settled on a sentence of 140 months, which was substantially below the guideline range.

Petitioner did not appeal his sentence to the Third Circuit.

Petitioner has now raised five arguments as to why the Court's sentence of 140 months should be corrected or vacated: (1) the Court should have further reduced his sentence based on the poor conditions of confinement at Passaic County Jail, (2) his plea was not knowing and voluntary, (3) he had ineffective assistance of counsel, (4) his right to a grand jury was violated, and (5) an unclear argument that challenges federal jurisdiction in some respect.

### III. ANALYSIS

A. Standard of Review

A prisoner convicted and sentenced in federal court may bring a motion under 28 U.S.C. § 2255 to correct or vacate the sentence imposed.  To obtain relief, the prisoner must show one of three things—that his or her constitutional rights were violated, that the Court lacked jurisdiction to impose the sentence, or that some other "fundamental defect" has resulted in a "miscarriage of justice."  *United States v. Addonzio*, 442 U.S. 178, 185 (1979).  The Third Circuit has held, however, that a prisoner can use § 2255 to attack any sentence handed down by a judge who misunderstood the relevant sentencing law, as such a mistake amounts to a denial of

due process. *See United States v. Eakman*, 378 F.3d 294, 300-01 (3d Cir. 2004). A petitioner advancing this argument must show that the sentencing judge made an "objectively ascertainable error" and that the sentencing judge materially relied on this error in imposing sentence. *Id.*

In general, a petitioner who fails to raise a claim on direct appeal cannot raise that issue subsequently in a petition for relief under § 2255 unless he or she can show either (1) "cause" for the failure plus "actual prejudice" or (2) a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *see also Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). "Cause" means that some factor external to the petitioner prevented him or her from raising the issue on direct appeal, such as interference from state officials. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "Actual prejudice" means that the sentencing court's error worked a disadvantage to the petitioner so severe that it rises to the level of a due process violation. *United States v. Frady*, 456 U.S. 152, 169 (1982). The "fundamental miscarriage of justice" exception requires a petitioner to show that he or she is probably innocent of the convicted crime. *See Schlup*, 513 U.S. at 322-24.

B. <u>Conditions of Confinement at Passaic County Jail</u>

Petitioner's first ground for attack is that the Court erred in not granting a variance from the sentencing guidelines based on the substantial time he spent incarcerated at Passaic County Jail before entering his guilty plea in federal court. There are two reasons why this challenge should be rejected. First, Petitioner did not raise this issue on direct appeal. He is therefore procedurally barred from raising it now in a § 2255 proceeding. He has shown neither cause plus prejudice nor that this alleged error resulted in a miscarriage of justice. There is no "miscarriage of justice" because this issue does not go to his innocence of the crime to which he pled guilty. There is no "cause" because Petitioner has not alleged any facts showing that some external force kept him from raising this issue on an appeal to the Third Circuit.

The other reason why Petitioner's first claim should be rejected is that the Court's decision not to grant a variance based on Petitioner's time spent at Passaic County Jail was not an error—and certainly not an error of the type that would warrant relief under § 2255.  A judge imposing sentence is required to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  The sentencing record in this case reveals that the Court considered Petitioner's argument with regard to time spent at Passaic County Jail but felt that this was not an acceptable reason to lower his sentence.  It is clear, however, that the Court exercised independent judgment, for it proceeded to give a below-guidelines sentence for other reasons.  There is no indication that the Court misunderstood any law or failed to apply the law correctly.  Accordingly, Petitioner's first claim for relief is rejected.

### C. Knowing and Voluntary Guilty Plea

Petitioner argues that his guilty plea was not knowingly and intelligently made.  Here the record indicates that Petitioner confirmed in open court that he had signed a Rule 11 form, and the Court also specifically informed Petitioner of many of the rights he was waiving.  Accordingly, this is not grounds for relief under § 2255.

### D. Effective Assistance of Counsel

Petitioner's third argument is that he was denied the effective assistance of counsel when his attorney did not present certain information at sentencing that was contained in a handwritten memorandum Petitioner gave his attorney.  Petitioner does not describe what this information is or give any explanation as to how it was relevant to sentencing.  Vague and conclusory assertions are not sufficient to sustain a motion made under §2255.  S*ee, e.g., United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir.

1988) (holding that a claim of "manufactured evidence" without any elaboration was insufficient to create a genuine issue for review under § 2255).  Accordingly, Petitioner's third argument is rejected.

### E.  Grand Jury Unconstitutionally Impaneled

Petitioner's fourth argument is that his right to a grand jury indictment was violated because "[t]he grand jury did not reside in a judicial district."  The record indicates that Petitioner was specifically informed about his Grand Jury right at the plea hearing and that he waived this right.  Therefore, this argument is rejected.

### F.  Jurisdiction

Petitioner's last argument is quite cryptic.  He claims that "Essex County, Newark, New Jersey is not an insular possession of the United States, nor does Congress hold exclusive legislative jurisdiction there, nor had jurisdiction to enhance the sentence."  It is unclear whether Petitioner means to challenge the Court's jurisdiction over the case or Congress's power to pass the criminal laws to which he pled guilty.  In either event, the Supreme Court has upheld the Controlled Substances Act as a constitutional exercise of Congress's powers under the Commerce Clause (*see Gonzales v. Raich*, 545 U.S. 1 (2005)), and the acts to which Petitioner pled guilty took place in New Jersey, clearly bringing him within the jurisdiction of this Court.

## IV. Conclusion

For the reasons given above, Petitioner's motion is denied.


DATED: *8/4/2010*                                    */s/  Anne E. Thompson*
                                                                     ANNE E. THOMPSON, U.S.D.J.